1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RAMON CARREON,                          CASE NO. 11 CV 01446 MMA (POR)

12                          Plaintiff,        **ORDER:**

13                                            **GRANTING MOTION TO
                                             PROCEED *IN FORMA PAUPERIS*;**

14        vs.
                                             [Doc. No. 2]
15
                                             **DENYING MOTION FOR
16                                            APPOINTMENT OF COUNSEL;**

17   JEFF DAVIS; CINDY LOFTUS; and            [Doc. No. 3]
18   PEDRO CASTILLO,
                                             ***SUA SPONTE* DISMISSING
19                          Defendants.        COMPLAINT UNDER 28 U.S.C. §
                                             1915(e)(2)(B) FOR FAILURE TO
20                                            STATE A CLAIM**

21         Plaintiff Ramon Carreon, proceeding pro se, initiated this action by filing a complaint

22   against Defendants Jeff Davis, Cindy Loftus, and Pedro Castillo ("Defendants").  [Doc. No. 1.]

23   Plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis* ("IFP"), and a

24   motion for appointment of counsel.  [Doc. Nos. 2, 3.]

25                                    **I.**

26                         **MOTION TO PROCEED IFP**

27         A party instituting any civil action, suit or proceeding in a district court of the United

28   States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

                                    - 1 -                                11cv1446

U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "To proceed *in forma pauperis* is a privilege not a right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

Plaintiff's form affidavit states he is unemployed and has been "disabled from the 1990's." [Doc. No. 2, p.2.]  Plaintiff indicates he has a checking account with a balance of $0.  [*Id.*] Plaintiff also indicates he receives social security, disability or other welfare benefits, but fails to indicate the amount of the benefits received.  [*Id.*]  However, Plaintiff's motion for appointment of counsel states he receives approximately $850 per month in social security and pension benefits due to his disability.  [Doc. No. 3, p.5.]  Finally, Plaintiff indicates he knows he owes debts but cannot remember the creditors nor the amounts due because of his disability.  [Doc. No. 2, p.3.]

A party need not be completely destitute to proceed *in forma pauperis*.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Here, the Court finds Plaintiff's affidavit sufficiently shows he is unable to pay the fees required to maintain this action.  It appears that although Plaintiff receives $850 per month in social security benefits, he has no other assets.  Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP under 28 U.S.C. § 1915(a).

## II.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

/ / /

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  In addition, the Court has a duty to liberally construe a *pro se's* pleadings.  *Id.*  In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  For the reasons set forth below, the Court concludes Plaintiff's complaint fails to state a claim upon which relief may be granted.

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

Additionally, under Federal Rule of Civil Procedure 10(b), a plaintiff should state "each claim founded on a separate transaction or occurrence" as a "separate count."  Fed. R. Civ. P. 10(b).  Rule 10 provides that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.*  Upon due consideration, Plaintiff's complaint fails to satisfy the pleading standards of Rule 8(a)(2) and Rule 10(b), and is therefore subject to dismissal.

Plaintiff's complaint consists of a hand-written six-page letter.  [Doc. No. 1.]  The document does not include a proper caption, list the parties, nor identify any purported causes of action.  In addition, the combination of poor handwriting and fragmented sentences makes the majority of the complaint incomprehensible.  It appears Plaintiff is attempting to assert an action

1  for wrongful conduct associated with his housing.  However, the Court cannot discern what

2  actually occurred, what relief Plaintiff seeks, nor any identifiable actions taken by the named

3  Defendants.  Because Plaintiff's complaint is almost entirely unintelligible, it fails to give

4  Defendants notice of the claims he attempts to allege.

5        If Plaintiff desires to proceed with this action, he must file an amended complaint that is

6  legible, and contains sufficient factual allegations against Defendants showing that Plaintiff is

7  entitled to relief.  At a minimum, Plaintiff must identify the causes of action alleged, supported by

8  a short and plain statement of facts to support the elements of those claims, and identify which of

9  the Defendants he contends violated each claim.  Plaintiff's amended complaint must give

10  Defendants fair notice of the claims against them.

11                                      **III.**

12                          **MOTION FOR APPOINTMENT OF COUNSEL**

13        Also pending before the Court is Plaintiff's request for appointment of counsel under the

14  Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1).  [Doc. No. 3.]  Although the Court may

15  utilize section 2000e to appoint an attorney in certain employment actions under "circumstances as

16  the court may deem just," section 2000e appears to be of no use to Plaintiff here, as his complaint

17  does not involve employment discrimination.  *See* 42 U.S.C. § 2000e-5(f)(1).  The Court therefore

18  does not have authority under 42 U.S.C. §2000e-5(f)(1) to appoint Plaintiff counsel.

19        Additionally, in civil proceedings such as this one, there is no absolute right to counsel.

20  *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Federal

21  courts do not have the authority to make coercive appointments of counsel.  *Mallard v. United*

22  *States District Court*, 490 U.S. 296, 310 (1989).  However, "[t]itle 28 U.S.C. § 1915(e)(1) permits

23  the district court, in its discretion, to 'request an attorney to represent any person unable to afford

24  counsel.'"  *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. §

25  1915(e)(1)); *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Such

26  discretion may be exercised upon a showing of exceptional circumstances.  *See Terrell v. Brewer*,

27  935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).

28  "To show exceptional circumstances the litigant must demonstrate the likelihood of success and

complexity of the legal issues involved." *Burns*, 883 F.2d at 823 (citation omitted); *Hedges*, 32 F.3d at 1363; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Neither the likelihood of success nor the complexity of the case are dispositive; both must be considered. *Terrell*, 935 F.2d at 1017; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff does not demonstrate any likelihood of success, as he fails to state a claim on which relief may be granted. Additionally, as currently pled, the Court cannot determine whether the complaint raises complex legal issues because the allegations are incomprehensible. Accordingly, for the reasons set forth herein, the Court **DENIES** Plaintiff's request for appointment of counsel.

## IV.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS** as follows:

(i)     The Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2];

(ii)     The complaint is **DISMISSED** *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is granted **thirty (30) days** to file an amended complaint that addresses the deficiencies noted herein. The amended complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L.R. 15.1.

(iii)     The Court **DENIES** Plaintiff's Request for Appointment of Counsel [Doc. No. 3].

**IT IS SO ORDERED**.

DATED:  July 29, 2011

Hon. Michael M. Anello
United States District Judge

11cv1446